█ JOHN LAUFER, Respondent, v MARY A. M. DU VAL, Appellant. [722 NYS2d 168] —In an action, *inter alia,* for the partition and sale of real property, the defendant appeals from so much of a judgment of the Supreme Court, Kings County (Hall, J.), entered September 22, 1999, as, after a nonjury trial, in effect, is in favor of the plaintiff and against her, in the principal sum of $32,500, representing a credit to the plaintiff for one-half of the appreciated value of certain real property.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, so much of the judgment as, in effect, is in favor of the plaintiff and against the defendant in the principal sum of $32,500 is deleted, a provision is added thereto granting the plaintiff a lien on the real property located at 471 13th Street, Brooklyn, for money expended in connection therewith or for improvements made thereto, and the matter is remitted to the Supreme Court, Kings County, to determine the amount of the plaintiff's lien.

The defendant was the owner of real property located in Brooklyn. In contemplation of her marriage to the plaintiff, she transferred an interest in the property to him. The parties twice refinanced the mortgage to make renovations to the real property. The marriage eventually was called off and, after the plaintiff moved out of the house, he made no mortgage payments.

The plaintiff commenced this action, *inter alia*, demanding the partition and sale of the real property, a division of the proceeds, and one-half of the rental income of the property. The defendant counterclaimed for reconveyance of the plaintiff's interest in the property pursuant to Civil Rights Law § 80-b. After a nonjury trial, the Supreme Court directed the plaintiff to reconvey the property to the defendant and released the plaintiff from liability on the mortgage. The Supreme Court further directed the defendant to pay the plaintiff one-half of the increased value of the property from the date he moved into the residence through the date he moved out, less the outstanding liens on the property incurred by the plaintiff.

Civil Rights Law § 80-b (1) provides, in pertinent part, that a court may award to the donee of a gift given in contemplation of marriage "a lien upon the * * * real property for monies expended in connection therewith or improvements made thereto." Here, the Supreme Court improperly credited the plaintiff for an amount equal to one-half of the appreciation of the real property rather than the money he expended on the property. Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a new calculation of the amount of the credit to which the plaintiff is entitled.

In light of the foregoing, the defendant's remaining contention is academic. Ritter, J. P., Altman, Goldstein and McGinity, JJ., concur.